| | |
|---|---|
| CLARCOR, INC., ) | |
| ) | Honorable _____ |
| Plaintiff, ) | Magistrate Judge _____ |
| ) | Case No.: _____ |
| vs. ) | |
| ) | |
| COLUMBIA CASUALTY COMPANY, ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## PLAINTIFF CLARCOR, INC.'S COMPLAINT AND DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff CLARCOR Inc., and for its Complaint against Defendant Columbia Casualty Company, states as follows:

### THE PARTIES

1. Plaintiff CLARCOR Inc. ("CLARCOR") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Tennessee.

2. CLARCOR Inc., has a wholly-owned subsidiary, Clarcor Air Filtration Products, Inc. ("CLC Air"). CLC Air is a Kentucky Corporation with its principal offices in Jeffersonville, Indiana and, among other things, manufactures and sells air filters for use by consumers under the "Purolator" brand name.

3. Upon information and belief, Defendant Columbia Casualty Company ("Columbia Casualty") is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Illinois.

## JURISDICTION

4. This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

5. On August 14, 2009, CLC Air was sued in the United States District Court for the Eastern District of Virginia by a competitor, 3M Company, which alleged advertising injuries as a result of advertising claims and packaging used by CLC Air ("the 3M complaint") pertaining to certain "Purolator" branded air filters manufactured by CLC Air and sold to Lowe's for distribution in the southeastern United States. (**Exhibit A**.)

6. The 3M complaint was timely tendered to Columbia Casualty on behalf of CLARCOR, with a request for reimbursement of defense costs incurred by CLARCOR to defend the litigation and indemnification of any damages which might be awarded at the end of the litigation or paid by CLARCOR in settlement of the litigation.

7. The 3M complaint alleges, among other things, that:

> ¶ 17. Clarcor designed the packaging and advertising for its new line of Purolator filters to resemble that of 3M's Filtrete line in several key aspects, in an evident scheme to parasitize the excellent reputation of 3M's Filtrete products. Specific examples of the ways in which Clarcor is attempting to accomplish this, by using various false and misleading advertising claims, are set forth in detail below.

\* \* \*

> ¶ 19. On information and belief, to convince Lowe's to replace Filtrete filters with Purolator filters at some of its stores, Clarcor represented to Lowe's that the Purolator filters perform as well overall and are at least as effective as filtering indoor air as 3M's Filtrete products.

> ¶ 20. On information and belief, Clarcor offered Lowe's the Purolator filters at lower wholesale prices than 3M's filters, while also claiming that each Purolator

filter could be substituted for the corresponding 3M Filtrete filter with no decline in filtration or overall performance.

¶ 21. On information and belief, Clarcor thus convinced Lowe's that it could achieve more profit by selling Purolator products at the same retail prices as each corresponding 3M Filtrete product, and that consumers using those products would obtain substantially the same performance as the 3M Filtrete products.

¶ 22. Clarcor's scheme to convince Lowe's that its products are equal to or better than Filtrete filters has apparently succeeded. During May 2009, Lowe's removed Filtrete filters from the shelves in all 125 Lowe's stores in Virginia, eastern North Carolina, and southern Maryland and replaced them with Purolator filters. The Purolator filters are displayed on the point of purchase sales displays that 3M had designed and maintained solely for the display of Filtrete filters.

8. The 3M complaint goes on to allege the following claims of false and misleading advertising:

¶ 25. In furtherance of its predatory scheme to take retail shelf space and market share away from 3M, Clarcor designed the packaging for Purolator products to convey the false and misleading claims that Purolator filters perform equally to, if not better than, 3M's Filtrete filters. Several aspects of the Purolator package design create this false impression, including the numerical performance claims of "overall filtration efficiency," the claimed "respiratory protection factor," and similarities in color.

¶ 26. For example, one of 3M's line of Filtrete filters is called the "Ultra Allergen" and is sold in a purple package that labels the filter as "90% effective at attracting and capturing large airborne allergens like: pollen, mold spores and dust mite debris." A reproduction of the from panel of 3M's Ultra Allergen filter appears below in Figure 1:

¶ 27. Clarcor has recently launched its own purple "Allergen" filter, which it claims on the package provides "97% *Overall* Filtration Efficiency" (emphasis added) [emphasis in complaint]. A reproduction of the front package panel of the purple Purolator filter is reproduced in Figure 2, below:

* * *

¶ 30. It is no coincidence that Clarcor labels its Purolator purple Allergen filter with what is plainly intended to be a comparable numerical performance value. Although Clarcor calls its metric the "Respiratory Protection Factor" ("RPF"), it chose to assign the very same number – 1250 – to its purple Allergen filter that 3M used in connection with its purple Filtrete filter, thus, directly copying 3M's key MPR performance metric for the analogous product. Purolator's adoption of

the exact same number used by 3M on its own purple package leads both retailers and consumers to believe the Purolator product filters the air as well as the 3M product.

¶ 31. Finally, Clarcor intentionally adopted the color purple for its Purolator Allergen filter. 3M's Ultra Allergen filter package exemplifies 3M's use of specific colors to convey the various efficiency levels of 3M's filters. Clarcor's choice of purple, along with the false claim of 97% Overall Filtration Efficiency and the RPF of 1259 collectively imply to consumers that the purple Purolator filter is equal to or better than the purple 3M filter, and that consumers switching to Purolator will experience no decline in performance if they buy the Purolator filter instead of the 3M filter.

* * *

¶ 33. Clarcor's false implied claims are not limited to the purple Purolator filter, but also apply to other Purolator products. Specifically, 3M's red Filtrete filter, called the "Micro Allergen," is labeled to have an MPR of 1000. Purolator offers a red filter as well, labeled with an RPF of 1050, and as having an Overall Filtration Efficiency of 95%. In this manner the packaging and advertising for the red Purolator filter also mimics aspects of the packaging and claims for the red Filtrete filters to create the false impression of superior performance to Filtrete. As with the purple filters, testing of both brands of red filters by two leading, independent testing laboratories proves that Purolator's red filters are not superior to Filtrete's red Micro Allergen filters in their ability to filter all measured sizes of particles from the air.

¶ 34. Purolator's use of Filtrete's color scheme, RPF ratings similar to Filtrete's MPR ratings, and overstated Overall Filtration Efficiency claims and factors likely to be material to consumers on the market for home HVAC filters. Upon information and belief, consumers select their home HVAC filters based on the color, RPF or MPR rating, and Overall Filtration Efficiency claims, upon other factors.

9. The 3M complaint contains two causes of action, the first alleges violation of the Lanham Act, and the second alleges violations of Virginia's false advertising statute. In both causes of action, 3M alleges that, "Clarcor's false and misleading claims misrepresent the nature, characteristics, or qualities of the Purolator filters on their own and in comparison to Filtrete filters." (¶¶ 68 and 78.) Further, the prayer for relief in the complaint seeks, among other remedies, a monetary award to compensate 3M for all

3651948.1

4

injury allegedly resulting from CLARCOR's alleged false advertising and deceptive practices. (Prayer for Relief, ¶ F.)

10. The 3M complaint also alleges, among other claims, that CLARCOR converted 3M's advertising idea, trade dress and slogans.

11. CLARCOR purchased commercial general liability insurance coverage from Columbia Casualty to protect it from claims and allegations such as those made by 3M above, among others.

12. The policy of Commercial General Liability insurance sold by Columbia Casualty to CLARCOR which is at issue in this litigation bears policy number 0223304983, and has effective dates from December 1, 2008 to December 1, 2009 ("the Columbia Casualty policy"). (A copy of that policy is attached hereto as **Exhibit B**). The Columbia Casualty policy covers Clarcor and all of its wholly-owned subsidiaries, including CLC Air.

13. The Columbia Casualty policy states, in relevant part, under **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY** that:

> **1. Insuring Agreement**
>
> > a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:
> >
> > > **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance ; (sic) and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** or **B**.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

## SECTION V – DEFINITIONS

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered as advertisement.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f.  The use of another's advertising idea in your "advertisement"; or

Infringing upon another's copyright, trade dress or slogan in your "advertisement".

14. CLARCOR's request for coverage from Columbia Casualty and for reimbursement of the defense costs and indemnity it incurred was based on the claims and allegations of the 3M complaint.

15. It is clear from a review of the 3M complaint that the claims and allegations of that complaint are covered by the Columbia Casualty policy.

16. Despite repeated requests by CLARCOR, Columbia Casualty refused to defend or indemnify it for the claims and allegations in the 3M complaint.

17. As a result of the refusal by Columbia Casualty to provide coverage for the 3M complaint, CLARCOR was forced to undertake its own defense and to ultimately resolve the claims and allegations of the 3M complaint without any participation by Columbia Casualty.

18. CLARCOR settled the 3M litigation on November 17, 2009, and executed a settlement agreement with 3M effective that same date. As part of that settlement CLARCOR maintained its denial and refutation of the claims made by 3M. That settlement agreement makes clear that the claims and allegations brought by 3M against CLARCOR pertained to 3M's advertising ideas, trade dress and slogans, and as such are covered under the Columbia Casualty policy. A copy of the settlement agreement was previously provided to Columbia Casualty by CLARCOR.

19. Following resolution of the claims and allegations of the 3M complaint, CLARCOR asked Columbia Casualty to reconsider its refusal to pay the fees, costs and

expenses incurred by CLARCOR in its defense, and to pay for the settlement negotiated by CLARCOR with 3M.

20. However, Columbia Casualty refused, and continues to this day to refuse, to reimburse CLARCOR for the fees, costs and expenses incurred in the defense of the 3M complaint, or to pay for the settlement negotiated with 3M despite its clear obligation to do so under the Columbia Casualty policy.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment Against Columbia Casualty

21. CLARCOR restates and incorporates the allegations of Paragraphs 1 through 20 above of this Complaint as if fully set forth herein.

22. An actual controversy exists between Columbia Casualty and CLARCOR over whether the claims and allegations made against CLARCOR in the 3M complaint are covered by the Columbia Casualty policy, and whether Columbia Casualty was obligated to defend and indemnify CLARCOR with regard to the 3M complaint. A judicial determination of the duties and obligations owed to CLARCOR under the Columbia Casualty policy is therefore appropriate and necessary pursuant to 28 U.S.C. § 2201(a) and Federal Rule of Civil Procedure 57.

23. CLARCOR requests that this Court make a binding judicial declaration in accordance with the contentions set forth above and otherwise declare that the Columbia Casualty policy covers the claims and allegations made by 3M against CLARCOR in the 3M complaint, and that Columbia Casualty was obligated under the policy to defend and indemnify CLARCOR for the claims and allegations of the 3M complaint.

**WHEREFORE**, Plaintiff CLARCOR respectfully requests that this Court:

(a) declare and adjudicate the rights and obligations of the parties with respect to the Columbia Casualty policy as to coverage for the claims and allegations of the 3M complaint;

(b) declare that Columbia Casualty had a duty to defend and indemnify CLARCOR for the claims and allegations of the 3M complaint;

(c) award to CLARCOR its attorneys' fees, costs and expenses in bringing and prosecuting this action; and

(d) grant to CLARCOR such other and further relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### Breach of Contract Against Columbia Casualty

24. CLARCOR restates and incorporates the allegations of Paragraphs 1 through 23 above of this Complaint as if fully set forth herein.

25. Columbia Casualty owed CLARCOR certain duties and obligations under the contract of commercial general liability insurance it entered into with CLARCOR, including the duty and obligation to defend and indemnify CLARCOR for the claims and allegations of the 3M complaint.

26. Columbia Casualty breached the insurance contract it entered into with CLARCOR by refusing to defend CLARCOR for the claims and allegations of the 3M complaint.

27. Columbia Casualty breached the insurance contract it entered into with CLARCOR by refusing to indemnify CLARCOR for the resolution of the claims and allegations of the 3M complaint.

28. As a result of Columbia Casualty's breach of the insurance contract through its refusal to defend and indemnify CLARCOR for the claims and allegations of the 3M complaint, CLARCOR has been damaged.

29. The damages sustained by CLARCOR as a result of Columbia Casualty's breach of the insurance contract include, among others, all fees, costs and expenses incurred by CLARCOR to defend itself against the claims and allegations of the 3M complaint, the settlement required to resolve the claims and allegations of the 3M complaint, the loss by CLARCOR of the use of the monies committed to the defense and indemnification of the 3M complaint, and the fees, costs and expenses incurred by CLARCOR to bring and prosecute this insurance recovery action against Columbia Casualty.

30. All of the damages sustained by CLARCOR were within the contemplation of the parties when they entered into the insurance contract, and all of those damages flow naturally from Columbia Casualty's breach of the insurance contract.

**WHEREFORE**, Plaintiff CLARCOR respectfully requests that this Court:

(a) find that Columbia Casualty breached the insurance contract it entered into with CLARCOR, and that CLARCOR has been damaged by Columbia Casualty's breach of the insurance contract;

(b) award to CLARCOR all fees, costs, expenses and indemnity incurred by CLARCOR to defend against and resolve the claims and allegations of the 3M complaint;

(c) award to CLARCOR its attorneys' fees, costs and expenses in bringing and prosecuting this action; and

(d) grant to CLARCOR all such other and further relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### Violation of the Tennessee Consumer Protection Act

31. CLARCOR restates and incorporates the allegations of Paragraphs 1 through 30 above of this Complaint as if fully set forth herein.

32. Columbia Casualty is bound by the Tennessee Consumer Protection Act, Tenn.Code.Ann. §§ 47-18-101, *et seq.*, ("Tennessee Consumer Protection Act"), and, as such, is prohibited from engaging in unfair and deceptive acts or practices.

33. The Tennessee Consumer Protection Act was enacted to protect consumers and business enterprises such as CLARCOR from those who engage in unfair and deceptive acts or practices in the conduct of any trade or commerce.

34. Columbia Casualty was prohibited by the Tennessee Consumer Protection Act from engaging in acts or practices which are deceptive to consumers or any other persons

35. Columbia Casualty violated the Tennessee Consumer Protection Act by committing unfair and deceptive acts and/or practices in charging a premium for and issuing a policy of insurance to CLARCOR which clearly provided coverage for claims

3651948.1

and allegations such as those set forth in the 3M complaint, and then refusing to comply with its duties and obligations under that insurance policy when 3M filed its complaint against CLARCOR.

36. As a result of Columbia Casualty's violation of the Tennessee Consumer Protection Act it is susceptible to all of the fines, penalties and sanctions which can be imposed on it under the Act, including, but without limitation, all attorney fees, costs and expenses incurred by CLARCOR in bringing and prosecuting this litigation as well as prejudgment interest on the monies owed by Columbia Casualty to CLARCOR for the defense and resolution of the claims and allegations of the 3M complaint.

**WHEREFORE**, Plaintiff CLARCOR respectfully requests that this Court:

(a) find that Columbia Casualty violated the Tennessee Consumer Protection Act;

(b) impose upon Columbia Casualty all fines, penalties and sanctions called for under the Tennessee Consumer Protection Act for its violation;

(c) award to CLARCOR its attorneys' fees, costs and expenses in bringing and prosecuting this action;

(d) award to CLARCOR all prejudgment interest to which it is entitled, and

(e) grant to CLARCOR all such other and further relief as this Court deems just and proper under the Tennessee Consumer Protection Act.

## FOURTH CLAIM FOR RELIEF

### Violation of the Tennessee Bad Faith Act

37. CLARCOR restates and incorporates the allegations of Paragraphs 1 through 36 above of this Complaint as if fully set forth herein.

3651948.1

12

38. Columbia Casualty is bound by the Tennessee Bad Faith Act, Tenn.Code.Ann. §§ 56-7-105, *et seq.*, ("Tennessee Bad Faith Act"), and, as such, is required to act in good faith in the adjustment and payment of claims present under the Columbia Casualty policy.

39. The Tennessee Bad Faith Act was enacted to require insurers to act in good faith toward their policyholders and to penalize insurers when they refuse to pay claims which are owed under the terms and conditions of the insurance policies they issued.

40. Columbia Casualty was required by the Tennessee Bad Faith Act to act in good faith in its dealings with its policyholder, CLARCOR, and to comply with the terms and conditions of the insurance policy which it issued.

41. Columbia Casualty violated the Tennessee Bad Faith Act by wrongfully refusing to pay the defense of and indemnification for the 3M complaint within 60 days after demand was made upon it by CLARCOR.

42. As a result of Columbia Casualty's violation of the Tennessee Bad Faith Act it is responsible to pay to CLARCOR, in addition all of the fees, costs, expenses and indemnity incurred by CLARCOR in connection with the 3M complaint and interest thereon ("the loss"), an additional sum not to exceed 25% of the loss.

**WHEREFORE**, Plaintiff CLARCOR respectfully requests that this Court:

(a) find that Columbia Casualty violated the Tennessee Bad Faith Act;

(b) award to CLARCOR, in addition to the fees, costs, expenses and damages due from Columbia Casualty for the defense and indemnity of the 3M complaint, the additional sum of the 25% of the loss sustained by CLARCOR, and

3651948.1

13

Case 3:10-cv-00336   Document 1   Filed 04/01/10   Page 13 of 14 PageID #: 13

(c) grant to CLARCOR all such other and further relief as this Court deems just and appropriate under the Tennessee Consumer Protection Act.

## DEMAND FOR TRIAL BY JURY

Plaintiff CLARCOR, Inc. hereby demands trial by jury as to all claims and allegations set forth herein which are properly presentable to a jury for resolution.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS LLP

/s/ Robert E. Boston
Robert E. Boston
Rebecca Brinkley
Counsel for Plaintiff CLARCOR, Inc.
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8953
Bob.Boston@wallerlaw.com
Rebecca.Brinklley@wallerlaw.com

Dated: April 1, 2010